

FILED
SUPERIOR COURT
OF GUAM

2019 MAY 15 AM 10: 51

CLERK OF COURT

By:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| JOSHUA F. PETER, ET AL., | Superior Court Case No. <u>CV0426-18</u> |
| Plaintiffs, | |
| vs. | **DECISION AND ORDER**<br>**RE**<br>**MOTION TO COMPEL DISCOVERY** |
| CYFRED, LTD., ET AL., | |
| Defendants. | |

The Court here considers Defendants' February 25, 2019 Motion to Compel Discovery, which the Court heard on April 24, 2019. The Court GRANTS IN PART and DENIES IN PART the Motion to Compel.

## I. PROCEDURAL BACKGROUND

As explained in prior orders, although this case had been open and active for almost a year, no formal scheduling order had been in place until the Court granted in part Plaintiffs' Motion to Consolidate and issued the Order Setting Case Schedule on February 8, 2019. The Case Schedule established a discovery motion cutoff date of February 22, 2019. At a Status Hearing on February 13, 2019, the Court extended the deadline to February 24, 2019, due to a typhoon. Because of the short timeframe to file a discovery motion, the Court also allowed the parties to conduct their Rule 37 meet and confer by email.

On February 25, 2019, Defendants filed a Motion to Compel Discovery. The Motion to Compel complained that Plaintiffs furnished insufficient responses and unsustainable objections

ORIGINAL

to a majority of Plaintiffs' responses to Defendants' requests for admissions, interrogatories, and requests for production of documents.

A CVR 37.1 Stipulation did not accompany the Motion. At a hearing on March 26, 2019, the Court advised that the omission of the required stipulation hampered its ability to understand the Motion. The Court allowed Defendants the opportunity in their Reply to explain more fully their positions on each disputed discovery request and gave Plaintiffs a further opportunity to file a supplemental opposition. Plaintiffs did not file a supplemental opposition.

## II.    LAW AND DISCUSSION

### A.  Motion to Compel Standard & Rule 37.1 Stipulation

A party that fails to propound discovery may be compelled to produce the requested information or documents. GRCP 37. Before filing a motion, CVR 37.1 requires the parties to memorialize their positions in a stipulation. However, the rule also excuses the omission of such stipulation upon "good cause." The Court finds that the short period between the announcement of the discovery motion cutoff and the cutoff date presents good cause to excuse the stipulation, particularly in the present instance involving Plaintiffs' objections to a majority of Defendants' discovery requests.

### B.  Requests for Admissions

#### 1.  Denials

Plaintiffs denied Request Nos. 7, 20, and 50. Those responses are procedurally compliant with Rule 36.

#### 2.  Relevance Objections to Request for Admissions Nos. 40-44

Request Nos. 40 and 41 are reasonably calculated to lead to the discovery of admissible evidence concerning attorney's fees and are therefore permissible.

ORIGINAL

Request No. 42 relates to Plaintiffs' standing and is therefore permissible.

Request No. 43 concerns the boundaries of the lots at issue and is therefore reasonably calculated to lead to the discovery of admissible evidence.

Request No. 44 concerning Plaintiffs' installation of septic tanks is reasonably calculated to lead to the discovery of admissible evidence and is therefore permissible.

All relevance objections to these requests are overruled. Defendants ask that the Court render these requests admitted under Rule 36(a). While true that if a Court "determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served," GRCP 36(a), the Court declines to deem these requests admitted at this time. For those requests for admissions addressed in this subsection and in the following subsections, the Court ORDERS that Plaintiffs amend their responses within 14 days.

### 3. Responses that Deferred to Attorney Wong

All other responses contained the following "Response:" "I deferred to my attorney, Wayson Wong, Esq., to handle the matters described in this request, and I do not know enough about them to admit or deny them; I rely on my him to know that or respond further to them." Mot. Compel, Ex. A (Feb. 25, 2019). This Response is insufficient. Under Rule 36(a), "An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny." As the rule requires, a party must make a reasonable effort to secure readily available information under its control in order to comply in good faith with Rule 36. Plaintiffs have an



obligation to make a reasonable inquiry of their attorney in order to provide a response. Deferring to Mr. Wong is insufficient, and Plaintiffs are ORDERED to respond.

### 4. Objections to Requests Seeking Legal Conclusions

Finally, Plaintiffs objected to a majority of requests for admissions on the basis that the requests sought legal conclusions. To be clear, Rule 36 permits inquiry into "the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact." The Advisory Committee Note to the 1970 amendments to Federal Rule 36(a) further explains that a request to admit may concern "matters involving 'mixed law and fact.' " What is improper under Rule 36, however, is a request to admit a pure matter of law. *Abbott v. U.S.*, 177 F.R.D. 92, 93 (N.D.N.Y. 1997).

The Court determines that the following requests for which this objection was made are not seeking pure legal conclusions, and to which Plaintiffs must provide responses: 1, 2, 8, 9, 10, 12, 14, 15, 18, 19, 22, 32, 39, 45, 46, 47, 48, and 49. The following requests, however, involve pure questions of law: 5, 6, 17, 24, 25, 26, 27, 28, 29, 31, 33, 34, 35, and 36, and Plaintiffs are not required to respond to them.

### C. Interrogatories

In their Reply, Defendants contend that "[s]ince the Interrogatories are unsigned, nothing more need[s] to [be] addressed as no Plaintiff can be held to the answers therein. Once signed responses under penalty of perjury are provided, then other objections to adequacy may be important to address by further motion to compel." Reply at 8 (Apr. 8, 2019). During the Motion hearing, Defendants provided further arguments concerning specific interrogatories. However, because Defendants did not present these arguments in advance of the hearing,

ORIGINAL

Plaintiffs did not have adequate notice to respond. The Court therefore will solely consider the argument that Plaintiffs must provide signature pages for the Interrogatories.

Rule 33 requires that answers to interrogatories be made under oath and be "signed by the person making them." GRCP 33(b)(1), (2). However, none of the Plaintiffs signed their answers to the interrogatories. Mot. Compel, Ex. I at 15. Attorney Wong's signature is not a sufficient substitute for his clients' signatures. "A party cannot refuse to answer interrogatories on the ground that the [nonprivileged] information sought is solely within the knowledge of his attorney." *Hickman v. Taylor*, 329 US 495, 504 (1947). The Court must therefore GRANT the Motion to Compel's request that Plaintiffs submit signature pages in which the Plaintiffs individually under oath confirm their responses. Such pages are due within 30 days of this Decision and Order.

### D. Requests for Production of Documents

**1. Request for Production No. 1** - Defendants ask for all documents relevant to Plaintiffs' responses to the request for admissions. Plaintiffs object that the request asks for more answers about the documents and exceeds the interrogatory limit. The Court overrules these objections as the request does not seek additional answers and does not fall under the interrogatory limit. Plaintiffs must provide responsive documents within 14 days.

Regarding Plaintiffs' objection on work product grounds, Rule 26(b)(5) requires the party to note its privilege objection and to describe the document to allow the opponent to assess the applicability of the privilege. As the 1993 Advisory Committee Notes to Federal Rule 26(b)(5) explain, if a broad discovery request includes an allegedly privileged document, and if there is an objection to the scope of the request, the court should first decide whether the objection covers the document. *United States v. Philip Morris Inc.*, 347 F.3d 951, 954 (D.C. Cir. 2003). If the

ORIGINAL

court finds that the document is within the scope of the objection, and the court overrules the objection, it must then give the party an opportunity to list the document on a privilege log pursuant to Rule 26(b)(5). *Id.* "In short, if a party's pending objections apply to allegedly privileged documents, the party need not log the document until the court rules on its objections." *United States v. Philip Morris Inc.*, 314 F.3d 612, 621 (D.C. Cir. 2003), *abrogated on separate grounds by Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009).

Defendants' Request No. 1 was broad in scope: it encompassed all responses to the request for admissions. Because the Court has now overruled Plaintiffs' objections to responding to Request No. 1, Plaintiffs must now produce an adequate privilege log if they continue to assert the protection of the work product doctrine. Such responses and/or privilege log must be furnished within 14 days.

**2. Request for Production No. 2.** Defendants ask that Plaintiffs produce documents supporting their responses to the First Set of Interrogatories; Plaintiffs object that many documents are already produced. This response is insufficient. *See* 1 Federal Rules of Civil Procedure, Rules and Commentary Rule 34 ("a party ordinarily cannot refuse to produce documents within its possession, custody, or control on the grounds that the materials may already be in the requesting party's possession."). Any materials not produced on this basis must be specifically identified within 14 days of this Decision and Order.

Plaintiffs additionally argue that the request exceeds limits on interrogatories. The Court overrules this objection as explained above.

**3. Request for Production Nos. 3, 4, 6, 7, 10, 11, 14, 15, 16, 19.** Plaintiffs object that Cyfred possesses these documents. As discussed above, the Court overrules this objection. Any materials not produced on this asserted basis must be specifically identified. Any



documents protected by attorney work product must be listed on a privilege log. Responses are due within 14 days of this Decision and Order. Responsive documents not yet in existence must be produced within 2 business days of their completion.

**4.     Request for Production Nos. 8, 12, 17.** Defendants ask that Plaintiffs produce relevant documents they do not intend to use to support their claims for attorneys' fees. Plaintiffs object that they have not determined which documents to use. The Court sustains this objection. Plaintiffs additionally assert attorney work product protection. When Plaintiffs produce documents responsive to this request, they must furnish a privilege log for any documents for which the privilege applies.

**5.     Request for Production Nos. 9, 13, 14, 18.** Defendants ask that Plaintiffs produce documents relevant to Plaintiffs' claims for lawsuit costs. The Court sustains Plaintiffs' objection that the matter is premature until the Court identifies who is the prevailing party.

**6.     Request for Production No. 20.** Defendants ask for documents caused to be recorded or delivered to the Government of Guam, Department of Land Management. Plaintiffs object that Cyfred has access to these documents. The objection is overruled. Plaintiffs must provide a list of responsive documents within 14 business days.

**7.     Request for Production Nos. 21-23.** These requests concern documents delivered to government agencies concerning the lots at issue. The Court overrules Plaintiffs' relevancy objections as the requested documents concern the defense of a prior breach by Plaintiffs. The documents must be produced within 14 days.

**8.     Request for Production No. 26.** Defendants ask for probate documents. Plaintiffs respond by identifying the probate case numbers. As explained earlier, this response is

ORIGINAL

insufficient. Within 14 days, Plaintiffs shall produce at a minimum a listing of all documents they have filed in these cases, and a docket sheet shall suffice.

## III.  CONCLUSION

The Court GRANTS IN PART and DENIES IN PART the Motion to Compel and ORDERS Plaintiffs to provide amended responses as set forth herein.

SO ORDERED this 15th day of May 2019.

Original Signed by:
HON. ELYZE M. IRIARTE

_____
HON. ELYZE M. IRIARTE
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the
original hereto was placed in the
court box of:

WONG
VAN DE VELD

Date: 5/15/19  Time: 11AM

_____
Deputy Clerk, Superior Court of Guam

Appearing Attorneys:
Wayson W. S. Wong for Plaintiffs
Curtis C. Van de veld for Cyfred, Ltd., and Leonard Francis Gill, and Stephanie Mendiola

ORIGINAL